FILED

AUG 0 6 2010

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ CD _____ DEPUTY

1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COVARSIA DILL,<br>CDCR #T-85098,<br><br>                                    Plaintiff,<br><br>vs.<br><br>IVES, Correctional Sergeant;<br>BARNHART, Correctional Officer;<br>AMSTEAD, Correctional Officer;<br>NURSE PANG; ROMAN, Correctional<br>Officer; and 2 UNKNOWN<br>CORRECTIONAL OFFICERS,<br><br>                                    Defendants. | Civil No.    10-1494 W (CAB)<br><br>**ORDER:**<br><br>**(1)  GRANTING PLAINTIFF'S<br>MOTION TO PROCEED** *IN<br>FORMA PAUPERIS,* **IMPOSING<br>NO INITIAL PARTIAL FILING FEE<br>AND GARNISHING BALANCE<br>FROM PRISONER'S TRUST<br>ACCOUNT PURSUANT<br>TO 28 U.S.C. § 1915(a)<br>[Doc. No. 2]**<br><br>**AND**<br><br>**(2)  DIRECTING U.S. MARSHAL TO<br>EFFECT SERVICE OF COMPLAINT<br>PURSUANT TO** Fed.R.Civ.P. 4(c)(3)<br>**&  28 U.S.C. § 1915(d)** |

Covarsia Dill ("Plaintiff"), a state prisoner currently incarcerated at California State Prison Los Angeles ("LAC") in Lancaster, California, and proceeding in pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 in the Central District of California on June 2, 2010.

On July 2, 2010, Chief Judge Audrey B. Collins transferred the case to this court pursuant to 28 U.S.C. § 1406(a), finding that because Plaintiff's claims are alleged to have arisen at Richard J. Donovan Correctional Facility ("RJD"), and all Defendants are RJD officials alleged

1   to reside in San Diego, venue is proper in the Southern District of California, but not the Central

2   District.   *See* Order Transferring Action [Doc. No. 3].

3        Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) when he

4   filed this action in the Central District; instead he submitted a Motion to Proceed *In Forma*

5   *Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].   Judge Collins made no ruling

6   regarding Plaintiff's IFP Motion before transferring the action.

7                                             **I.**

8                              **MOTION TO PROCEED IFP**

9        All parties instituting any civil action, suit or proceeding in a district court of the United

10  States, except an application for writ of habeas corpus, must pay a filing fee of $350.   *See* 28

11  U.S.C. § 1914(a).   An action may proceed despite a plaintiff's failure to prepay the entire fee

12  only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).   *See Rodriguez v.*

13  *Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).   However, a prisoner granted leave to proceed IFP

14  remains obligated to pay the entire fee in installments, regardless of whether his action is

15  ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847

16  (9th Cir. 2002).

17       Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a

18  prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account

19  statement (or institutional equivalent) for the prisoner for the six-month period immediately

20  preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113,

21  1119 (9th Cir. 2005).   From the certified trust account statement, the Court must assess an initial

22  payment of 20% of (a) the average monthly deposits in the account for the past six months, or

23  (b) the average monthly balance in the account for the past six months, whichever is greater,

24  unless the prisoner has no assets.   *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).   The

25  institution having custody of the prisoner must collect subsequent payments, assessed at 20% of

26  the preceding month's income, in any month in which the prisoner's account exceeds $10, and

27  forward those payments to the Court until the entire filing fee is paid.   *See* 28 U.S.C.

28  § 1915(b)(2).

1    The Court finds that Plaintiff has submitted a certified copy of his trust account statement
2    pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.   *Andrews*, 398 F.3d at 1119.
3    Plaintiff's trust account statement shows he has insufficient funds with which to pay any initial
4    partial filing fee. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be
5    prohibited from bringing a civil action or appealing a civil action or criminal judgment for the
6    reason that the prisoner has no assets and no means by which to pay [an] initial partial filing
7    fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve"
8    preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack
9    of funds available.").

10    Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP [Doc. No. 2], and
11    assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).   However, the entire $350
12    balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court
13    pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

14                                              **II.**

15              **SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

16    The PLRA also obligates the Court to review complaints filed by all persons proceeding
17    IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused
18    of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or
19    conditions of parole, probation, pretrial release, or diversionary program," "as soon as
20    practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).   Under these
21    provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof,
22    which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who
23    are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-
24    27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000)
25    (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing
26    § 1915A).

27    "[W]hen determining whether a complaint states a claim, a court must accept as true all
28    allegations of material fact and must construe those facts in the light most favorable to the

1  plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

2  "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's

3  duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*,

4  839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v.*

5  *Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, in giving liberal interpretation to a

6  pro se civil rights complaint, the court may not "supply essential elements of claims that were

7  not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th

8  Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations

9  are not sufficient to withstand a motion to dismiss." *Id.*

10      Here, Plaintiff claims that on March 14, 2009, Defendants acted with deliberate

11  indifference to his safety by failing to protect him from his cell-mate who "slashed" him with

12  a razor shank and "nearly" sexually assaulted him. (Compl. at 5-7.) Plaintiff further alleges

13  Defendants "attempted to cover up" the incident afterward. (*Id.* at 7.)

14      As currently pleaded, the Court finds Plaintiff's allegations sufficient to survive the sua

15  sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[1] *See Lopez*, 203 F.3d at

16  1126-27; *Farmer v. Brennan*, 511 U.S. 825 833-34 (1994) ("Prison officials have a duty ... to

17  protect prisoners from violence."). Accordingly, the Court finds Plaintiff is entitled to U.S.

18  Marshal service on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue

19  and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court

20  may order that service be made by a United States marshal or deputy marshal ... if the plaintiff

21  is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

22                              **III.**

23                        **CONCLUSION AND ORDER**

24      Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

25      1.   Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]

26  is **GRANTED**.

27  ────────────────────

28      [1]  Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12[] motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

2.    The Secretary of California Department of Corrections and Rehabilitation, or his designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).   ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.    The Clerk of the Court is directed to serve a copy of this order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283-0001.

**IT IS FURTHER ORDERED** that:

4.    The Clerk shall issue a summons as to Plaintiff's Complaint [Doc. No. 1] upon Defendants and shall and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order and a certified copy of his Complaint and the summons so that he may serve Defendants.[2] Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package.  Upon receipt, the U.S. Marshal shall serve a copy of the Complaint and summons upon Defendants as directed

/ / /

---

[2]   Plaintiff must, of course, identify the "2 Unknown Correctional Officers" he includes as Defendants in his Complaint by their true names and thereafter substitute those individual persons for the currently unknown officers by amending his pleading to name those persons before the United States Marshal will be able to execute service upon them.  *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) (Doe defendants must be identified and served within 120 days of the commencement of the action against them); FED.R.CIV.P. 15(c) & 4(m).  Generally, the use of Doe-type appellations to identify defendants is not favored, because as a practical matter, it is in most instances impossible for the United States Marshal to serve a summons and complaint upon an unknown Doe defendant.  However, the Court will not dismiss Plaintiff's claims against the unknown correctional officers at this time. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)) (where identity of alleged defendants will not be known prior to filing of complaint, plaintiff should be given an opportunity through discovery and amend his complaint to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds).

1   by Plaintiff on the USM Form 285s.  All costs of service shall be advanced by the United States.

2   *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

3          5.      Defendants are thereafter **ORDERED** to reply to Plaintiff's Complaint within the

4   time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).  *See* 42

5   U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to

6   reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility

7   under section 1983," once the Court has conducted its sua sponte screening pursuant to 28

8   U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on

9   the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the

10  merits," the defendant is required to respond).

11         6.      Plaintiff shall serve upon the Defendants or, if appearance has been entered by

12  counsel, upon Defendants' counsel, a copy of every further pleading or other document

13  submitted for consideration of the Court.  Plaintiff shall include with the original paper to be

14  filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy

15  of any document was served on Defendants, or counsel for Defendants, and the date of service.

16  Any paper received by the Court which has not been filed with the Clerk or which fails to

17  include a Certificate of Service will be disregarded.

18

19  DATED: _____ 8/6/10 _____     _____

20                                          **HON. THOMAS J. WHELAN**
                                            United States District Judge

21

22

23

24

25

26

27

28