UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COVARSIA DILL,<br><br>                            Plaintiff,<br><br>     v.<br><br>J. IVES, et al.,<br><br>                            Defendants. | Civil No.   10cv1494-W (CAB)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>**[Doc. No. 17]** |

Plaintiff, a state prisoner proceeding *pro se*, filed this action under 42 U.S.C. § 1983. On January 5, 2011, Plaintiff filed a motion for appointment of counsel. [Doc. No. 17.] In support of his request, Plaintiff contends that he is unable to afford counsel, and his imprisonment will limit his ability to adequately litigate the case. For the reasons set forth below, Plaintiff's request is **DENIED**.

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). District courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, it appears that Plaintiff has a sufficient grasp of his case and the legal issues involved, and is able to adequately articulate the basis of his complaint. In addition, while Plaintiff summarily states that the issues involved in this case are complex, he has not shown a likelihood of success or that the complexity of the case requires appointment of counsel. Under these circumstances, the Court **DENIES** Plaintiff's request for appointment of counsel, because it is not warranted by the interests of justice. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

**IT IS SO ORDERED.**

DATED: January 11, 2011

                                                  **CATHY ANN BENCIVENGO**
United States Magistrate Judge